## Hertz v. Sidle, Appellant.

*Practice, C. P.—Affidavit of defense— General denial.*

. A general denial in an affidavit of defense of any indebtedness by the defendant to the plaintiff in any sum whatever, is not sufficient to prevent judgment.

An affidavit of defense averring that the goods embraced in a book account attached to the statement were never sold and delivered to the defendant as charged, but if they were purchased and delivered they were paid for by him, is argumentative and evasive, and therefore insufficient.

*Practice, C. P.—Affidavit of defense—Rent—Landlord and tenant.*

Where a statement of claim avers that the defendant contracted with plaintiff for the rental of real estate by a verbal contract at a certain rate per month, and avers an indebtedness for one month's rent, an affidavit of defense is insufficient which merely denies that the defendant owed the rent as charged, and does not specifically deny the making of the verbal contract, or aver that the defendant surrendered the lease, and that same was accepted by the plaintiff, or that he paid said rent.

Argued March 12, 1902. Appeal, No. 23, March T., 1902, by defendant, from order of C. P. York Co., April T., 1902, No. 89, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Maurice Hertz, trading as Camden Bottling Company, v. William Sidle. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

1. He denies that he owes said plaintiff for goods, wares and merchandise sold and delivered by the said plaintiff to him, the said defendant, at the defendant's order and request of the kind, quality and at the prices and upon the dates set forth in the

copy of the plaintiff's book account, as averred in the plaintiff's statement filed.

2. He also denies that he, the said defendant, is further indebted to the said plaintiff at the rate of $65.00 per month for the use and occupation of a certain lot of land and premises consisting of a saloon, dwelling house situate on the southeast corner of Locust street and Kaighn avenue in the city of Camden, New Jersey, and known as No. 252 Kaighn avenue in said city, for one month's rent for said property as set forth, and averred in the plaintiff's statement filed in this case. He also denies that he owes rent to the plaintiff for the month of September, in the year 1895, at the rate of $65.00 per month, or that said amount is due from said defendant to the said plaintiff as averred in said plaintiff's statement.

3. The said defendant further deposes and says that he does not owe the said plaintiff the sum of $17.85 for goods, wares and merchandise sold and delivered by the said plaintiff to the said defendant and $65.00 for one month's rent for the use and occupancy of the therein described real estate, which amount aggregates $82.85 with accrued interest thereon, as set forth in the plaintiff's statement, but further deposes and says that he owes the plaintiff nothing either upon the claim for rent therein set forth or for any other thing.

4. The defendant further deposes and says that not knowing that the accompanying copy of the book account is a true and correct copy of the plaintiff's book account against the defendant taken from his books of original entry, as they stand charged upon the books of original entry of the plaintiff against the defendant he does not deny, but he does deny and here avers that he does not owe the said account or any portion or item thereof and never did owe the same to the said plaintiff.

5. He denies that the goods, wares and merchandise were sold and delivered on the dates and at the times and for the prices set forth in said book account and that the same were contracted for by the defendant without the same having been paid, and he further denies that he ever promised to pay for the same, but that if they were purchased by him and delivered to him that they were paid for by him and that since the delivery of said goods, as alleged in the plaintiff's statement, the defendant has not at any time promised to pay for the same or prom-

ised to pay the $65.00 due for rent, as set forth in the plaintiff's statement, nor has he promised to pay the said plaintiff anything for the reason that he does not owe the said plaintiff.

6. The said defendant further deposes and says that there does not still remain due to the said plaintiff from him, the said defendant, the sum of $82.85 with accrued interest thereon from October 1, 1895, as set forth in said plaintiff's statement, and again avers, deposes and says that he does not owe the said plaintiff the said sum of $82.85 with interest thereon as set forth in the plaintiff's statement upon the said book account filed or for the said claim for rent or for anything whatsoever.

BITTENGER, P. J., filed the following opinion:

Plaintiff's statement in this case particularly and sufficiently avers two general items of indebtedness, for which judgment is claimed; a book account for goods sold and delivered for $17.85, and one month's rent for a property of plaintiff in Camden, N. J., $65.00, on a verbal agreement with defendant, aggregating $82.85. Interest is claimed on said sum from October, 1895. The affidavit to the statement is in due form, and that there was no credits on said indebtedness, or properly applicable thereto.

The affidavit of defense is: 1. A general denial of any indebtedness by the defendant to the plaintiff in any sum whatever. This is not sufficient to prevent judgment, as is held by numerous authorities.

2. The affidavit avers that the goods embraced in the book account attached to the statement, were never sold and delivered to the defendant as charged, but if they were purchased and delivered, they were paid for by him. In this averment the affidavit is argumentative and evasive, and therefore insufficient: Boston Nat. Bank v. Bartholomew, 2 W. N. C. 445; Allen v. National Bank of Germantown, 10 W. N. C. 188; Hughes v. Smart, 19 W. N. 450; Jaquett v. Lehman, 5 W. N. C. 183; Elliott's Exrs. v. Kindig, 5 York, 21.

3. A denial of indebtedness that he owed rent to the plaintiff for the month of September, 1895, as charged in the plaintiff's statement.

Here the affidavit is again defective and unavailing. The statement avers that the defendant contracted with the plain-

88, (1902).]    Opinion of Court below—Opinion of the Court.

tiff for the rental of the real estate by a verbal contract, at the rate of $65.00 per month.    The affidavit does not specifically deny the making of such verbal contract of lease, or that defendant surrendered said lease, and that same was accepted by the plaintiff, or paid said rent.    We are left entirely in the dark on this item of claim, so far as the defense is set out in the affidavit.    If the lease was made it does not matter whether the defendant occupied the premises or not.

The affidavit must be a specific statement of facts.    The nature and character of the defense must be set forth.    It has invariably been held that affidavits merely argumentative or containing only inferences or conclusions of law, are bad.    So if the averments are only general, especially where they use words which raise mixed questions of law and fact, such as payment, warranty, surrender, etc., and allegations of fraud. In all these cases it is necessary to set out the facts as to when, how and to whom the payment, surrender, etc., was made, and the specific acts of fraud, etc., relied upon : Moore v. Susquehannia Mutual Fire Ins. Co., 196 Pa. 30.    The affidavit is clearly bad, and the plaintiff is entitled to judgment for the whole amount of his claim, principal and interest, with costs of suit.

And now, October 7, 1901, the rule for judgment is made absolute at the costs of the defendant, and it is decreed that judgment be entered in favor of the plaintiff, against the defendant, with costs of suit; amount to be liquidated by the prothonotary.

*Error assigned* was the order of the court.

*H. C. Brenneman*, of *Ross & Brenneman*, for appellant.

*A. N. Green*, for appellee.

Per Curiam, April 21, 1902 :

The objections to the plaintiff's statement of claim cannot be sustained.    It set forth the essentials of a good cause of action with sufficient particularity and precision to give the defendant clear and exact information as to what was claimed of him. The defects in the affidavit of defense are clearly pointed out in the opinion of the court below, and nothing further need be added by us in vindication of the judgment.

Judgment affirmed.